the question of interpretation under the present Code is apparently new, the reversal will be without costs (*Code, sec.* 3229).

## SURROGATE'S COURT.

### In the Matter of DERICKSON Minors.

*Guardian—Authority of the surrogate to allow access to the infant—Code of Civil Procedure, section* 2821.

Upon an application for an appointment of a guardian of an infant, the surrogate has authority to direct that access to the infant shall be allowed by the guardian when appointed, to such persons as the Surrogate may designate.

*New York county, January,* 1886.

ROLLINS, *S.*—The grandmother of these infants, with whom they are now residing, has applied to be appointed their guardian. Their father is dead. Their mother is not herself an applicant for letters of guardianship, but opposes the appointment of the grandmother, except upon the condition that she herself shall be afforded an opportunity from time to time of visiting her children. To this restriction the petitioner refuses her assent, and she disputes the authority of the surrogate to impose any such condition upon the issuance of letters.

The power of the court of chancery to award the custody of an infant to one person and to allow access to another under such limitations as it chose to impose, has been often asserted (*Macpherson on Infants*, 120–1; *Ex parte Ralston*, 1 *R. M. Charlt.*, 119). "The court," says Schouler (*Dom. Rel.*, sec. 332), "will judge as to what the interests of the child require, according to the circumstances of each case, and will make orders accordingly, both as to the actual custody and as to the persons who may have access to the child."

The authority conferred upon surrogates by section 2821 of

the Code of Civil Procedure is in this regard as extensive as that which was formerly exercisable by the chancellor.

I am clear that in a proper case I may give direction as to access.

The petitioner's counsel claims that such direction should not here be given, because of the alleged depraved character of the children's mother.

This presents an issue of fact which must go to a reference. While such reference is pending, the children may remain in charge of their grandmother.

## SUPREME COURT.

DANIEL L. COUCH, as assignee, &c., agt. GEORGE M. MIL-
LARD *et al.*

*Costs — In equity action — In the discretion of referee — Special term no power to overturn his conclusions — Code of Civil Procedure, sections 3238–3253 — Additional allowance — When should be made — Rules applicable to.*

In an action brought by an assignee to set aside a chattel mortgage given by a judgment debtor to defendants as security for $26,000 of acceptances made by defendants for the mortgagors — said chattel mortgage covering a large quantity of lumber, machinery, &c.; the assignee seeking to compel defendants to account to him for the property taken by them under said mortgage, a reference being had, the costs of the action are in the discretion of the referee, and after the exercise of such discretion it is not within the province or power of the special term to overhaul and overturn his conclusions.

His decision as to costs cannot be disturbed except by an appellate court having power to review the case upon its merits.

Where an assignee assaulted a security held by defendants to indemnify them against accommodation liabilities, assumed for the assignors and sought to strike it down as fraudulent and void, and failed in the principal purpose of his bill and was charged with costs payable " first out of the fund ;" on motion for an extra allowance on the part of defendants, on the ground that the case was difficult and extraordinary:

*Held,* that the principles stated in *Burke* agt. *Candee* (63 *Barb.*, 552) are applicable to this case and that an extra allowance should be made.